1050

(Case No. 00147 — )

IN RE APPLICATION OF JOSEPHINE FRIDDLE.

*Opinion filed July 25, 1978.*

WILLIAM STEFAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; VINCENT J. BISKUPIC, Special Assistant Attorney General.

PER CURIAM.

This claim arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act), *Ill. Rev. Stat., Ch. 48, Sec. 281, et seq., 1975.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on June 15, 1978, the Court finds that:

1. The Claimant, Josephine Friddle, is the widow of the decedent, and, in the absence of a designation of beneficiary, is the person entitled to receive benefits pursuant to the Act;

2. The decedent, Melvin Friddle, was a Captain, employed by the Wilmington Volunteer Fire Department, and engaged in the active performance of his duties, within the meaning of Section 2(e) of the Act, on February 5, 1978. He was 62 years of age;

3. On said date, at approximately 12:30 a.m., Captain Friddle was responding to a call regarding an automobile accident. He was driving the fire department ambulance, with another fireman as a passenger, when he collapsed over the steering wheel while crossing the Kankakee River bridge. The ambulance struck the guardrail, traveling approximately 280 feet. The fireman riding with Captain Friddle was able to lift him from behind the steering wheel and control the ambulance until it could be stopped. The coroner's certificate of death recites the cause of death as "cardiac arrest due to shock while driving ambulance on duty." The evidence presented on June 15, 1978, indicates that Captain Friddle's death was caused and precipitated by his active performance of the duties required of him as a fireman for the Wilmington Volunteer Fire Department;

4. Captain Friddle was killed in the line of duty as defined in Section 2(e) of the Act;

5. The proof submitted in support of this claim satisfies all of the requirements of the Act and the claim is therefore compensable thereunder.

It is hereby ordered that the sum of $20,000.00 be awarded to Josephine Friddle, as widow of the deceased fire captain, Melvin Friddle.