(No. 82-CC-0987–

*In re* APPLICATION OF ALFRETTA ALFORD.

*Opinion filed January 5, 1984.*

STOBBS & SINCLAIR (JAMES S. SINCLAIR, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This claim arises out of the death of Myron A. Alford. The decedent's widow, Alfretta Alford, seeks compensation on behalf of herself and her daughter, Susan E. Alford, as the designated beneficiaries of the decedent pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer, a report of the Attorney General of Illinois, briefs filed by both parties, and evidence adduced at a hearing held before Commissioner Robert J. Hillebrand.

The issue in this case is whether the decedent was killed in the line of duty as defined in section 2(e) of the Act (Ill. Rev. Stat. (1981), ch. 48, par. 282(e)), which provides, in relevant part, that "killed in the line of duty means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer . . . or fireman if the death occurs within one year from the date the injury was received and if the injury arose from violence or other accidental cause".

The record indicates that at the time of his death, Myron Alford was employed as a full-time fireman for the Godfrey Fire Protection District, Godfrey, Illinois. Alford had been a fireman for 22 years and held the rank of captain. At 7:00 a.m. on the morning of September 21, 1981, Alford began his regular 24-hour shift. At approximately 5:30 p.m., Alford and other members of the Godfrey Fire Department responded to a fire alarm at a children's day care center. Alford, in full firefighting paraphernalia, drove a fire truck from the station where he was on duty to the scene of the alarm. Upon their arrival at the scene, the members of the fire department determined that the call was a false alarm. Alford then returned to his truck and drove back to the fire station. Immediately upon his return to the fire station, the other firefighters noticed that Alford was pale, shaky, and sweating. Alford stated that he was having severe pains in his chest and around his shoulders. He was taken home and then to St. Joseph's Hospital in Alton, Illinois, where it was determined he had suffered a severe heart attack. He remained in the hospital from September 21 to October 2, 1981, when he died as a result of the heart attack suffered on September 21, 1981. Testimony indicated that Alford had no history of heart disease and that he had a normal checkup approximately one week before he suffered the heart attack. Further testimony by the firefighters indicated that any fire alarm creates a stressful situation, but that an alarm at a day care center is extremely stressful.

Although it is true that cases involving heart attacks do comprise the most difficult claims made, this Court has awarded compensation in cases where a fireman has died of a heart attack while he was on duty and engaged in the performance of activities that are unique to that

profession which could induce a heart attack. For example, in *In re Application of Klein* (1977), 32 Ill. Ct. Cl. 370, a case which is similar to the one at hand, a volunteer fireman answered an alarm from his home by driving his automobile to the location of a fire call, a distance of approximately one block. He then walked the remainder of the distance to the front door of the residence where he learned the call was a false alarm. The decedent thereafter alerted other firemen of this fact and returned to his automobile to drive to the fire station to file a report. As he was returning to the fire station, decedent was stricken with a heart attack, and his automobile crashed into the front of a building. This Court found that the decedent died of a heart attack in the line of duty and awarded benefits.

Similarly, in *In re Application of Dickey* (1980), 33 Ill. Ct. Cl. 341, a volunteer fireman sustained a heart attack after receiving a fire call, going to the fire station, unlocking the door, turning on the lights and sirens and starting toward the fire truck. He was found slumped over the driver's seat when other firemen arrived at the station. A later investigation determined that he had died of a heart attack. This Court determined that he had died of a heart attack in the line of duty and awarded benefits.

Finally, in *In re Application of Friddle* (1978), 32 Ill. Ct. Cl. 1050, this Court awarded compensation where the evidence established that the decedent, a volunteer fireman, suffered a fatal heart attack while driving the fire department ambulance to the scene of an automobile accident.

The Court therefore finds that, given the fact that Myron Alford was on duty and engaged in the activity of responding to a false alarm at a day care center at the

time he suffered the heart attack, he was within the coverage of the Act as intended by the legislature of the State of Illinois.

It is hereby ordered that $20,000.00 be, and the same hereby is, awarded to the following persons in the amounts indicated pursuant to the Act and the expressed wishes of the decedent:

| | |
|---|---|
| Alfretta Alford | $10,000.00 |
| Susan E. Alford | $10,000.00 |
| Total award | $20,000.00 |